# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT UNZICKER, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 19-988 |
| CONNOR BROWNING and SHERRI HARRISON, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

In this motor vehicle personal injury action, Plaintiff Vincent Unzicker sues Defendants Connor Browning and Sherri Harrison. Am. Compl. ECF No. 13. Plaintiff asserts two claims. In Count I, Plaintiff alleges that Connor Browning engaged in negligent and reckless conduct in consuming alcohol and controlled substances and then operating Sherri Harrison's motor vehicle, which caused an accident injuring Plaintiff. As part of his relief against Mr. Browning, Plaintiff seeks punitive damages, which he asserted separately as Count II. In Count III, Plaintiff asserts a claim of negligent entrustment against Ms. Harrison. Pending before the Court is the Defendants' Motion to Dismiss Count III and Plaintiff's claim for punitive damages. ECF No. 16. Defendants also move to strike "all allegations of recklessness, willful and wanton conduct, as well as all allegations of consumption of alcohol and/or drugs and intoxication." Defs.' Mot. Dismiss 1. Plaintiff has filed a Brief in Response. ECF No. 30.

The Court has reviewed the relevant pleadings. Considering the relevant legal standard on a motion to dismiss under Rule 12(b)(6), *see e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Bell *Atl. Corp. v. Twombly*, 550 U.S. 544 (2008), *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016), the Court finds that Plaintiff has set forth sufficient factual allegations taken as true,

to state a plausible claim for relief against Ms. Harrison for negligent entrustment. In addition, Plaintiff has pled sufficient facts that, if proven at trial, could support the imposition of punitive damages under governing law. *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). Discovery should be permitted as to the legal theories asserted by Plaintiff.

Pursuant to Federal Rule of Civil Procedure 12(f), the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R.Civ. Proc. 12(f). Striking allegations in a pleading is "considered a drastic remedy to be resorted to only when required for the purposes of justice." *Tennis v. Ford Motor Co.*, 730 F.Supp.2d 437, 443 (W.D.Pa.2010). Defendants have not shown that the "allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration and that their presence in the pleadings will be prejudicial." *Mason v. Range Res.-Appalachia, LLC*, No. CIV.A. 12-369, 2014 WL 1572431, at *8 (W.D. Pa. Apr. 16, 2014) (citations omitted).

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss and Motion to Strike, ECF No. 16, are DENIED, without prejudice, to raising such issues at summary judgment or trial; and

IT IS FURTHER ORDERED that Defendants shall file an Answer to the Amended Complaint by **February 18, 2020**.

IT IS SO ORDERED.

Dated: February 4, 2020                           s/ *Marilyn J. Horan*
                                                  Marilyn J. Horan
                                                  United States District Court Judge